EXHIBIT "C"

FILED: NEW YORK COUNTY CLERK 03/16/2020 12:49 PM

NYSCEF DOC. NO. 3

RECEIVED NYSCEF: 03/16/2020

LSK&D #: 502-1516 / 4811-9803-3591

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

STELLA GARSON

                            Plaintiff,

             -against-

VICTORIA'S SECRET STORES, LLC,

                       Defendants.

------------------------------------------------------------X

**Index No.: 151406/2020**

**ANSWER OF VICTORIA'S SECRET STORES, LLC TO PLAINTIFF'S VERIFIED COMPLAINT**

       Victoria's Secret Stores, LLC ("Victoria's Secret"), answers Plaintiff's Verified Complaint as follows:

1.     Victoria's Secret is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2.     Victoria's Secret denies the allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3.     Victoria's Secret admits the allegations contained in Paragraph 3 of the Complaint.

4.     Victoria's Secret is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5.     Victoria's Secret is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

NYSCEF DOC. NO. 3

RECEIVED NYSCEF: 03/16/2020

6.   Victoria's Secret admits the allegations contained in Paragraph 6 of the Complaint.

7.   Victoria's Secret denies it owned the Premises described.   Victoria's Secret admits the remaining allegations contained in Paragraph 7 of the Complaint.

8.   Victoria's Secret admits the allegations contained in Paragraph 8 of the Complaint.

9.   Victoria's Secret admits the allegations contained in Paragraph 9 of the Complaint.

10.   Victoria's Secret admits the allegations contained in Paragraph 10 of the Complaint.

11.   Victoria's Secret admits the allegations in Paragraph 11 of the Complaint.

12.   Victoria's Secret admits it had duties with respect to the Premises according to law.   Victoria's Secret denies the remaining allegations in Paragraph 12 of the Complaint inconsistent therewith.

13.   Victoria's Secret denies the allegations in Paragraph 13 of the Complaint.

14.   Victoria's Secret denies the allegations in Paragraph 14 of the Complaint.

15.   Victoria's Secret denies the allegations in Paragraph 15 of the Complaint.

16.   Victoria's Secret denies the allegations in Paragraph 16 of the Complaint.

FILED: NEW YORK COUNTY CLERK 03/16/2020 12:45 PM
NYSCEF DOC. NO. 3

RECEIVED NYSCEF: 03/16/2020

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

17. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

18. Plaintiff's actions were the sole proximate cause of her alleged injuries.

### THIRD DEFENSE

19. The Complaint is barred by res judicata, judicial estoppel, and/or the doctrine of unclean hands.

### FOURTH DEFENSE

20. Without admitting liability, Plaintiff's injuries, if any, were the result of injury by a third party over whom Victoria's Secret had no control.

### FIFTH DEFENSE

21. Victoria's Secret was not negligent and did not breach any obligation or promise as it relates to the subject sidewalk or to Plaintiff.

### SIXTH DEFENSE

22. Plaintiff's claims are barred as the alleged defect was de minimus in nature..

### SEVENTH DEFENSE

23. The liability of Victoria's Secret, if any, to the Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

NYSCEF DOC. NO. 3

RECEIVED NYSCEF: 03/16/2020

## EIGHTH DEFENSE

24.     In the event Plaintiff recovers a verdict or judgment against Victoria's Secret, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## NINTH DEFENSE

25.     Victoria's Secret allege that other parties, whether named or unnamed in Plaintiff's Complaint, and whether known or presently unknown to Victoria's Secret, were negligent or legally responsible or otherwise at fault for the damages alleged.   Therefore, Victoria's Secret requests that in the event any party recovers against Victoria's Secret, whether by settlement or judgment, an apportionment of fault be made by Court or jury as to all parties. Victoria's Secret further requests a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

## TENTH DEFENSE

26.     That any injuries and/or damages sustained by the Plaintiff, as alleged in the Complaints herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of Plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of Victoria's Secret.

FILED: NEW YORK COUNTY CLERK 03/16/2020 12:49 PM

NYSCEF DOC. NO. 3

RECEIVED NYSCEF: 03/16/2020

### ELEVENTH AFFIRMATIVE DEFENSE

27.   Pursuant to General Obligations Law §15-108, Plaintiff's claims should be diminished in whole or in part in any amount paid by or fairly allocable to any party with whom Plaintiff has settled or may settle.

### TWELFTH DEFENSE

28.   That the liability of Victoria's Secret, if any, is limited to the percentage of culpability found against it by virtue of the fault of the other parties (both named and unnamed) and in accordance with the laws of the State of New York.

### THIRTEENTH DEFENSE

29.   If Plaintiff sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than Victoria's Secret, over whom they had no control, or by the superseding interventions of causes outside of their control.

### FOURTEENTH DEFENSE

30.   Plaintiff's claims are barred as the Victoria's Secret store was not in a hazardous, defective, or dangerous condition, and did not jeopardize the safety of Plaintiff.

### FIFTEENTH DEFENSE

31.   Plaintiff's injuries are barred and/or limited to the extent that evidence is introduced during discovery or trial that shows Plaintiff failed to mitigate damages, if any.

### SIXTEENTH DEFENSE

32.   Plaintiff's claims against Victoria's Secret are barred as Victoria's Secret, was not the landlord or owner of the retail location at 444 86th Street, Brooklyn, New York at times relevant to the Complaint.

FILED: NEW YORK COUNTY CLERK 03/16/2020 12:49 PM

NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 03/16/2020

## SEVENTEENTH DEFENSE

33.     Investigation and discovery are continuing and Victoria's Secret reserves the

right to amend this Answer to add additional defenses and/or affirmative

defenses, or to correct any responses in the Answer once the facts have become

fully known.

**WHEREFORE**, Defendant Victoria's Secret, LLC, demands judgment dismissing

the Complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated:        New York, New York
              March 13, 2020

                                   LESTER SCHWAB KATZ & DWYER, LLP

                                   *Allyson B. Belmont*

                                   _____
                                   Allyson B. Belmont
                                   Attorneys for VICTORIA'S SECRET, LLC
                                   100 Wall Street
                                   New York, New York  10005
                                   (212) 964-6611

TO:

Law Office of Alan A. Tarzy
Alan A. Tarzy
360 Lexington Avenue, Suite 1501
New York, NY 10017-6502
T: (212) 370-9000

NYSCEF DOC. NO. 4                                            RECEIVED NYSCEF: 03/16/2020

STATE OF NEW YORK            )
                             ) ss
COUNTY OF NEW YORK           )

     **IRIS M. REYES**, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in Kings County. That on March 13, 2020, she served the within **ANSWER OF VICTORIA'S SECRET, LLC TO PLAINTIFF'S COMPLAINT** upon:

Law Office of Alan A. Tarzy
Alan A. Tarzy
360 Lexington Avenue, Suite 1501
New York, NY 10017-6502
T: (212) 370-9000

USPS TRACKING #   **9114 9023 0722 4696 5796 84**
& CUSTOMER       For Tracking or inquiries go to USPS.com
RECEIPT          or call 1-800-222-1811.

by depositing a true copy of same securely enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
**IRIS M. REYES**

Sworn to before me this
13th day of March 2020

_____
SUZANNE KELLY
Notary Public, State of New York
No. 01KE...
Qualified in Westchester County
Commission Expires January 21, _____

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM

NYSCEF DOC. NO. 5

INDEX NO. 151406/2020

RECEIVED NYSCEF: 07/31/2020

**LSK&D #: 502-1516 / 4851-8723-4757**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------------x

STELLA GARSON,

**Index No.: 151406/2020**

                                  Plaintiff,

              -against-                            **NOTICE OF MOTION**

VICTORIA'S SECRET STORES, LLC,

                                    Defendant.

--------------------------------------------------------------x

**PLEASE TAKE NOTICE,** that upon the affirmation of Allyson B. Belmont dated July 31, 2020, and the exhibits annexed hereto and all prior pleadings and proceedings, the Defendant VICTORIA'S SECRET STORES, LLC named in the above-mentioned action will move this court in Motion Support Part, Room 130, at the New York County Courthouse, 60 Centre Street, New York, New York, on the 16th day of September, 2020, at 9:30 a.m. for an Order:

(a)     Pursuant to CPLR §3126, precluding Plaintiff from introducing any evidence at the time of trial as to each item set forth in Defendant's Combined Discovery Demands and Demand for Verified Bill of Particulars to which the plaintiff has failed to respond; and

(b)     For such other and further relief as to this Court deems just and proper.

The above-entitled action is for personal injury.

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM

NYSCEF DOC. NO. 5

INDEX NO. 151406/2020

RECEIVED NYSCEF: 07/31/2020

**PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR 2214(b) answering

affidavits, if any, are required to be served within seven (7) days prior to the return date

of this motion.

Dated:       New York, New York
             July 31, 2020

                                   Yours, etc.

                                   LESTER SCHWAB KATZ & DWYER, LLP

                                   *Allyson B. Belmont*
                                   _____

                                   Allyson B. Belmont
                                   Attorneys for Defendant
                                   VICTORIA'S SECRET STORES, LLC
                                   100 Wall Street
                                   New York, New York  10005
                                   (212) 964-6611

TO:

Law Offices of Alan A. Tarzy
360 Lexington Avenue, Suite 1501
New York, New York 10017-6502
Attorneys for Plaintiff
T: (212) 370-9000
E: atarzy@tarzylaw.com

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM
NYSCEF DOC. NO. 6

INDEX NO. 151406/2020
RECEIVED NYSCEF: 07/31/2020

LSK&D #: 502-1516 / 4851-8723-4757

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

STELLA GARSON,

                               Plaintiff,

           -against-

VICTORIA'S SECRET STORES, LLC,

                            Defendant.

------------------------------------------------------------------x

**Index No.: 151406/2020**

**GOOD FAITH
AFFIRMATION**

Allyson B. Belmont, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

1.     I am Of Counsel to the law firm of LESTER SCHWAB KATZ & DWYER, LLP, attorneys for Defendant VICTORIA'S SECRET STORES, LLC. I am fully familiar with the facts and circumstances as set forth herein.

2.     This Affirmation is submitted in support of the within motion for an Order precluding the plaintiff from introducing any evidence at the time of trial as to each item set forth in Defendant's Combined Discovery Demands and Demand for Verified Bill of Particulars to which the plaintiff has failed to respond and/or for an Order pursuant to CPLR § 3124, compelling the Plaintiff to respond to these outstanding discovery demands.

3.     A good faith effort has been made to resolve the within issues without invoking the Court's jurisdiction. Annexed to as **Exhibit C** are our good faith letters of June 4, 2020 and July 16, 2020. In addition, numerous telephone messages have been left for plaintiff's counsel.

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM

NYSCEF DOC. NO. 6

INDEX NO. 151406/2020

RECEIVED NYSCEF: 07/31/2020

4.      As of the time of this Affirmation, we have had no response to this correspondence, nor have we been provided with responses to our outstanding discovery demands thereby warranting the instant motion.

**WHEREFORE**, it is respectfully requested that the within motion be granted in its entirety.

Dated:      New York, New York
            July 31, 2020

                                    *Allyson B. Belmont*
                                    _____
                                    Allyson B. Belmont

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM
NYSCEF DOC. NO. 7

INDEX NO. 151406/2020
RECEIVED NYSCEF: 07/31/2020

LSK&D #: 502-1516 / 4851-8723-4757

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

STELLA GARSON,

                             Plaintiff,

                -against-

VICTORIA'S SECRET STORES, LLC,

                           Defendant.

-------------------------------------------------------------------x

**Index No.: 151406/2020**

**AFFIRMATION**

Allyson B. Belmont, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

1. I am Of Counsel to the law firm of LESTER SCHWAB KATZ & DWYER, LLP, attorneys for defendant VICTORIA'S SECRET STORES, LLC. I am fully familiar with the facts and circumstances as set forth herein.

2. This Affirmation is submitted in support of the within motion for an Order precluding the plaintiff from introducing any evidence at the time of trial as to each item set forth in Defendant's Combined Discovery Demands and Demand for Verified Bill of Particulars to which the plaintiff has failed to respond and/or for an Order pursuant to CPLR § 3124, compelling the Plaintiff to respond to these outstanding discovery demands.

3. This action is for alleged personal injuries arising out of an alleged accident that took place on June 26, 2019, at the Victoria' Secret store located in Herald Square, New York. Copies of the Plaintiff's Summons and Complaint and movant's Answer to Complaint are collectively annexed hereto as **Exhibit "A".**

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM

NYSCEF DOC. NO. 7

INDEX NO. 151406/2020

RECEIVED NYSCEF: 07/31/2020

4.      On March 13, 2020, this office propounded Combined Discovery Demands and a Demand for a Verified Bill of Particulars on Plaintiff. Copies of all discovery demands pertinent to this Motion are collectively annexed hereto as **Exhibit "B".**

5.      To date, the Plaintiff has not complied with moving Defendant's Combined Discovery Demands and Demand for a Verified Bill of Particulars nor has the Plaintiff moved for a protective order pursuant to CPLR § 3103(a), the time to make such a motion having long since elapsed.

6.      At this time, the following discovery responses remain outstanding:

- Demand For A Verified Bill Of Particulars;

- Demand For Authorization For Social Security Print-Out;

- Demand For Collateral Source Payment Information;

- Demand For Damages;

- Demand For Discovery And Inspection Of Documents And Electronically Stored Information;

- Demand For Employment Record Authorizations;

- Demand For Expert Witness Disclosure;

- Demand For Income Tax Information;

- Demand For Internet Based Social Media And-Or Networking Websites;

- Demand For Medical Information;

- Demand For Medicare Information;

- Demand For Names And Addresses Of Witnesses;

- Demand For Prior And Subsequent Claims;

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM

NYSCEF DOC. NO. 7

INDEX NO. 151406/2020

RECEIVED NYSCEF: 07/31/2020

- Demand For Prior Injury Information;

- Demand For Telephone, Cellular, E-Mail And Text Records And Authorizations,

- Demand For Union Records;

- Demand Pursuant To Mandatory Insurer Reporting Law Section 111 Of Public Law Section 110-173;

- Prior Medical History; and

- Supplemental Demand For Relief.

7.    It is therefore respectfully requested that an Order be issued precluding the Plaintiff from offering evidence as to those items requested in the discovery demands, but not furnished, or alternatively an Order compelling immediate production.

8.    Moreover, good faith efforts have been made to resolve the outstanding discovery issue without invoking the jurisdiction of the Court as is more fully set forth in the annexed Affirmation of Good Faith. **Exhibit "C"** are our good faith letters of June 4, 2020 and July 16, 2020. In addition, numerous telephone messages have been left for plaintiff's counsel.

9.    Without the items mentioned above, the moving Defendant will be denied their right to fully and fairly defend this action by all means afforded under the CPLR and other applicable authority, and will be severely and unfairly prejudiced thereby.

10.    In the alternative, it is respectfully requested that the Court issue an Order compelling the Plaintiff to fully respond to Defendant's Combined Discovery Demands and Demand for a Bill of Particulars within ten (10) days.

**WHEREFORE**, it is respectfully requested that the Court issue an Order precluding the Plaintiff from offering any evidence at the time of trial as to those items which have been demanded in Defendant's Combined Discovery Demands and

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM

NYSCEF DOC. NO. 7

INDEX NO. 151406/2020

RECEIVED NYSCEF: 07/31/2020

Demand for a Bill of Particulars and not supplied, or compelling the plaintiff to serve responses to the Combined Discovery Demands and Demand for a Bill of Particulars, together with such other further and different relief as this Court deems just and proper.

Dated:     New York, New York
           July 31, 2020

*Allyson B. Belmont*
_____
Allyson B. Belmont

**FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM**
INDEX NO. 151406/2020

NYSCEF DOC. NO. 12
RECEIVED NYSCEF: 07/31/2020

UCS-840
(rev. 07/29/2019)

# REQUEST FOR JUDICIAL INTERVENTION

SUPREME COURT, COUNTY OF NEW YORK

Index No: 151406/20        Date Index Issued: _____

| For Court Use Only: |
|---|

**CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

STELLA GARSON

IAS Entry Date

Plaintiff(s)/Petitioner(s)

Judge Assigned

-against-
VICTORIA'S SECRET STORES, LLC

RJI Filed Date

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**   Check only **one box** and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**   Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution   [see *NOTE* in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify):
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify):
- ◉ Other Negligence (specify): Premises (trip/fall)
- ○ Other Professional Malpractice (specify):
- ○ Other Tort (specify):

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see *NOTE* in COMMERCIAL section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ◉ | ○ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**   Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- ◉ Notice of Motion   Relief Requested: PRECLUDE   Return Date: 9/16/20
- ○ Notice of Petition   Relief Requested: _____   Return Date: _____
- ○ Order to Show Cause   Relief Requested: _____   Return Date: _____
- ○ Other Ex Parte Application   Relief Requested: _____
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify):

FILED: NEW YORK COUNTY CLERK 07/31/2020 01:55 PM

NYSCEF DOC. NO. 12

INDEX NO. 151406/2020

RECEIVED NYSCEF: 07/31/2020

**RELATED CASES**    List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
if additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A).**

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES**    For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete **and attach the RJI ADDENDUM (UCS-840A).**

| Un-Rep | Parties List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined For each defendant, indicate if issue has been joined. | Insurance Carriers For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☑ | Name: Stella Garson Role(s): Plaintiff | Law Offices of Alan A. Tarzy 360 Lexington Avenue, Suite 1501, New York, NY 10017 | ◉ YES ○ NO | |
| ☐ | Name: Victoria's Secret Stores, I Role(s): Defendant | Allyson B. Belmont, Esq. - Lester Schwab Katz & Dwyer, LLP 100 Wall Street, 27th Floor, New York, New York 10005 | ◉ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |
| ☐ | Name: Role(s): | | ○ YES ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____7/31/20_____

_____2810984_____
Attorney Registration Number

_Allyson B. Belmont_
Signature

ALLYSON B. BELMONT
Print Name

**LSK&D #: 502-1516 / 4826-8417-6595**

At IAS Part _____ of the Supreme Court
of the State of New York, held in and for
the County of New York, at the Courthouse
thereof, 60 Centre Street, New York, N.Y.,
on the _____ day of December, 2020

PRESENT: HON _____
Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
STELLA GARSON,

                                Plaintiff,

                 -against-

VICTORIA'S SECRET STORES, LLC,

                              Defendant.
-------------------------------------------------------------X

**Index No.: 151406/2020**

**ORDER TO SHOW
CAUSE**

      Upon reading and filing the annexed affirmation of Allyson B. Belmont, dated
December 2, 2020, and the exhibits annexed hereto, upon all of the pleadings and
proceedings hereto had herein, and upon due deliberation of this Court,

      LET the plaintiff, STELLA GARSON, show cause before this Court in Room 130,
at the I.A.S. Part, at the New York County Supreme Court Courthouse, 60 Centre
Street, New York, New York, on the 14th day of December, 2020, at 9:30 a.m. for an
Order:

(a)     Pursuant to CPLR § 3017(c), compelling plaintiff to immediately provide a
        demand for damages in writing; and

(b)     Pursuant to the New York Court Rules § 130-1.1 awarding defendant
        costs, including all attorneys fees, incurred by defendant due to plaintiffs
        frivolous and dilatory refusal to provide a demand for damages in writing,
        intentionally delaying and prolonging the resolution of the litigation;

(c)      as well as such other and further relief as to this Court deems just and proper.

The above-entitled action is for personal injury.

**IT IS FURTHER ORDERED** that, sufficient cause appearing therefore, let service

of a copy of this Order to Show Cause and the papers upon which it is granted be made

upon all parties by NYSCEF and upon plaintiff's counsel, by mail and email at

> Law Offices of Alan A. Tarzy
> 360 Lexington Avenue, Suite 1501
> New York, New York 10017-6502
> T: (212) 370-9000
> E: atarzy@tarzylaw.com

be deemed good and sufficient service.

**IT IS FURTHER ORDERED** that answering affidavits, if any, shall be served at

least seven (7) days prior to the return date of this motion, and reply papers shall be

served one (1) day prior to the return date.

Dated:      New York, New York
            December _____, 2020


                          E N T E R :


                          _____
                                        J. S. C.

FILED: NEW YORK COUNTY CLERK 12/02/2020 03:43 PM
NYSCEF DOC. NO. 14

INDEX NO. 151406/2020
RECEIVED NYSCEF: 12/03/2020

**LSK&D #: 502-1516 / 4835-2424-9299**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

STELLA GARSON,

                         **Index No.: 151406/2020**

                  Plaintiff,

           -against-               **AFFIRMATION**

VICTORIA'S SECRET STORES, LLC,

                       Defendant.

------------------------------------------------------------------x

       Allyson B. Belmont, an attorney duly admitted to practice law before the Courts of

the State of New York, hereby affirms the following to be true under the penalties of

perjury:

       1.     I am Of Counsel to the law firm of LESTER SCHWAB KATZ & DWYER,

LLP, attorneys for defendant VICTORIA'S SECRET STORES, LLC.  I am fully familiar

with the facts and circumstances as set forth herein.

       2.     I submit this Affirmation in support of defendant's motion seeking a) an

Order pursuant to CPLR § 3017(c), compelling plaintiff to immediately provide a

demand for damages in writing, and b) an Order pursuant to 32 NYCRR § 130-1.1

awarding defendant's costs, including all attorney's fees, incurred by defendant due to

plaintiff's frivolous and dilatory refusal to provide a demand for damages in writing,

intentionally delaying and prolonging the resolution of the litigation; as well as d) all such

other and further relief as this Court deems just and proper.

       3.     No prior request for this relief has ever been decided by this or any other

Court.

1

FILED: NEW YORK COUNTY CLERK 12/02/2020 03:43 PM

NYSCEF DOC. NO. 14

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/03/2020

4.     This request is being made by Order to Show Cause because it is *highly time sensitive* and must be handled on an emergency basis as defendant will be irreparably harmed if plaintiff does not provide a written demand for damages necessary to remove this matter to federal court within the one-year timeframe following the date of filing of her Summons and Complaint on February 7, 2020, pursuant to 28 U.S.C. § 1446.

5.     Defendants have been diligent in attempting to obtain a written demand for damages from plaintiff, without the necessity of this Order to Show Cause.

6.     Plaintiff filed her Summons and Complaint on February 7, 2020, a copy of which is annexed hereto as **Exhibit "A."**

7.     Thereafter, the defendant served it's Answer on or about March 13, 2020. A copy of the Answer is annexed hereto as **Exhibit "B."**

8.     Together with the Answer, defendant served it's Combined Demands on March 13, 2020, which included a Demand for Damages. A copy of defendant's Combined Demands, including the Demand for Damages pursuant to CPLR § 3017(c), is annexed hereto as **Exhibit "C."**

9.     Thereafter, plaintiff did not respond to defendant's Demand for Damages, or any of our Demands and Notices, despite numerous requests to do so. Our Good Faith Letters of May 15, 2020, June 4, 2020, and July 16, 2020, are annexed hereto collectively as **Exhibit "D."**

10.     The Court should observe that in the letter of July 16, 2020, we specifically reminded plaintiff's counsel of his obligations pursuant to CPLR § 3017(c), mirroring

2

FILED: NEW YORK COUNTY CLERK 12/02/2020 03:43 PM

NYSCEF DOC. NO. 14

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/03/2020

what was set forth in the original Demand for Damages that had been served on March 13, 2020. See Exhibits **"C"** and **"D."**

11.    Upon the first practicable date to do so following Covid-19 precautions, on or about July 31, 2020, defendant filed a Motion to Compel plaintiff to provide responses to it's discovery demands, including the Demand for Damages. A copy of the filed Motion to Compel with all original exhibits is annexed hereto as **Exhibit E**.

12.    Defendant's July 31, 2020, Motion has been pending since that date, without any discovery materials being forwarded by plaintiff's counsel whatsoever, despite his awareness of same, and good and proper service by and through NYSCEF.

13.    The Motion annexed hereto as **Exhibit E** *has never been decided by the court*, and plaintiff's counsel has never filed a response.

14.    The original scheduled return date of September 16, 2020, came and went. Despite phone calls to the Court to ascertain when the Motion might be decided, the status noted on the Court's website has remained "No decision yet" to the present date. As such, more than four (4) months have elapsed since the date on which our Motion was filed, *leaving defendant only the months of December 2020 and January 2021 to compel plaintiff to provide a written Demand for Damages* pursuant to CPLR § 3017(c), before defendant's petition to remove this matter to federal court is time-barred.

15.    In an effort to avoid filing this emergency Order to Show Cause, defendant's counsel has communicated with plaintiff's counsel by both phone and email in an attempt to elicit a written demand in satisfaction of plaintiff's obligations pursuant to CPLR § 3017(c). Annexed hereto collectively as **Exhibit F** are copies of three emails

3

FILED: NEW YORK COUNTY CLERK 12/02/2020 03:43 PM
NYSCEF DOC. NO. 14

INDEX NO. 151406/2020
RECEIVED NYSCEF: 12/03/2020

between our office and plaintiff's counsel, dated October 21, 2020, November 13, 2020, November 23, 2020, wherein we repeatedly requested that he provide us with a monetary demand in writing to avoid the instant Order to Show Cause.

16.     Within the emails, the Court will also see that our office advised plaintiff's counsel that should we be forced to bring the instant Order to Show Cause, we would also move for costs due to his intentional delay in refusing to provide the written demand for damages. See **Exhibit F**.

17.     Upon information and belief, plaintiff's counsel has intentionally and frivolously delayed this litigation in an attempt to prevent removal of the matter to federal court by his sheer refusal to provide the written demand for damages that defendant is entitled to by law, likely in hopes that defendant's one-year time limit in which to file it's removal petition would simply expire. He has delayed for no other reason than to harass the defendant and prolong the process of litigation.

18.     As such, the defendant is left with only two months during which it may timely file it's petition for removal to federal court pursuant to 28 U.S.C. § 1446(c)(1), stating "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Accordingly, the one-year time limit is a firm limit that defendant has no choice but to observe.

19.     There is no question that CPLR § 3017(c) unequivocally entitles defendant to a written demand for damages from the plaintiff for the purpose of evaluating the case, especially in light of federal removal issues. It specifically states that "a party

4

FILED: NEW YORK COUNTY CLERK 12/02/2020 03:43 PM

NYSCEF DOC. NO. 14

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/03/2020

against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand *shall be provided by the party bringing the action within fifteen days of the request*. In the event the supplemental demand is not served within fifteen days, the court, on motion, may order that it be served." (CPLR § 3017(c), emphasis added). Accordingly, plaintiff must provide us with a written demand, and should have provided it within fifteen (15) days of our first demand for same. It is not optional.

20.     Because the window of time to file removal petitions "brought on the basis of diversity jurisdiction is one year after commencement of the action," the federal courts have instructed the parties to utilize CPLR § 3017(c) to produce a timely demand in writing to satisfy the removal statute. See e.g., Noguera v. Bedard, WL 51157598 (2011 U.S. Dist. Ct., E.D.). Further, federal courts handling cases arising out of New York have stated that they rely upon the New York State Supreme Courts to issue "a state court order pursuant to C.P.L.R. 3017(c) compelling plaintiff to set forth the total damages to which plaintiff deemed herself entitled[]" so that the amount in controversy is clear. Id.

21.     The U.S. Court of Appeals, Second Circuit, has found that a plaintiff who "filed her response to this request outside the 15–day window specified in New York C.P.L.R. § 3017(c)…" was the one who was to blame for delaying the case. Moltner v. Starbucks Coffee Co., 64 F.3d 34, 38 (2d. Cir. 2010). Defendants are not required to "read the complaint and guess the amount of damages." Id. Instead, defendants are

5

FILED: NEW YORK COUNTY CLERK 12/02/2020 03:43 PM

NYSCEF DOC. NO. 14

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/03/2020

entitled to expect and receive "from plaintiff a paper that explicitly specifies the amount of monetary damages sought." Id.

22.     Accordingly, the Court should order plaintiff to immediately provide her demand for damages to the defendant in writing.

**Costs and Attorney's Fees**

23.     Defendant is entitled to reimbursement from plaintiff's counsel for all of the defendant's expenditures in furtherance of attempting to secure a written demand for damages from the plaintiff.

24.     Pursuant to 22 NYCRR 130-1.1, "The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part." 22 NYCRR 130-1.1(a). Frivolous conduct includes conduct that "is undertaken primarily to delay or prolong the resolution of the litigation…." 22 NYCRR 130-1.1(c).

25.     The First Department of the Appellate Division has found sanctions in the form of costs and fees appropriate where the conduct was continued after it was brought to the attention of the parties or counsel, where there was a lack of basis in law or in fact for counsel's conduct in prolonging the litigation, and is "tied to abuse of the judicial process." See Levy v. Carol Management Corp., 260 A.D.2d 27, 34-35 (1st Dept. 1999). Further, the First Department has found sanctions appropriate where a party is forced to "expend unnecessary resources…" and that an "unreasonable persistence in a

FILED: NEW YORK COUNTY CLERK 12/02/2020 03:43 PM
NYSCEF DOC. NO. 14

INDEX NO. 151406/2020
RECEIVED NYSCEF: 12/03/2020

position that has been demonstrated to be frivolous warrants the imposition of sanctions." Borstein v. Henneberry, 132 A.D.3d 447, 452 (1st Dept. 2015).

26.     In the instant matter, the Court should award defendant all attorney's fees and costs associated with the instant Order to Show Cause, which is being made in furtherance of compelling plaintiff's counsel to provide us with a demand for damages in writing. Had he not refused to comply with his statutory obligation to provide same in the first instance, defendant would not have had to seek the court's intervention using the July 31, 2020, Motion, or the Order to Show Cause presently before the Court.

27.     Despite knowing the Motion to Compel was pending, and despite numerous calls and emails with our office, each time purporting to be ready and willing to provide responses to our Combined Demands and Demand for Damages, plaintiff's counsel instead refused to fulfill his obligations under the law and supply us with a written demand.

28.     Instead, plaintiff is delaying litigation in hopes that the one-year period of time to file defendant's petition for removal will run out. Plaintiff's counsels actions and refusal to provide discovery are intended to waste the court's resources, making our office repeatedly petition this Court, holding out on providing us with a demand until the last possible second, deliberately and frivolously refusing to comply with all of the legal obligations that he is well aware that he has.

29.     In the instant matter, the affirmant, Allyson B. Belmont, charges a fee of $225.00 per hour for her services, which is a reasonable rate for an attorney of the affirmant's experience, in the practice area of civil liability defense.

7

FILED: NEW YORK COUNTY CLERK 12/02/2020 03:43 PM

NYSCEF DOC. NO. 14

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/03/2020

30.     To date, defendant has spent $2,025.00 in attorney's fees, an amount that is increasing daily, to bring the instant Order to Show Cause. Annexed hereto is the invoice rendered by Lester Schwab Katz & Dwyer, LLP, for legal fees and disbursements in connection with this Order to Show Cause up to December 1, 2020, as **Exhibit "G."** If it pleases the Court, the defendant shall supply other and further invoices for the additional and ongoing fees and costs associated with this Order to Show Cause as same are incurred.

**WHEREFORE**, the Court should enter an Order compelling the plaintiff to immediately supply the defendants with a demand for damages in writing, attorney's fees and costs totaling $2,025.00 as of the date of the filing of this petition, and any such other and further relief the Court deems just and proper.

Dated:     New York, New York
           December 2, 2020

*Allyson B. Belmont*

_____
Allyson B. Belmont

FILED: NEW YORK COUNTY CLERK 12/03/2020 04:00 PM

NYSCEF DOC. NO. 22

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/03/2020

LSK&D #: 502-1516 / 4826-8417-6595

At IAS Part _44_ of the Supreme Court
of the State of New York, held in and for
the County of New York, at the Courthouse
thereof, 60 Centre Street, New York, N.Y.,
on the _3rd_ day of December, 2020

PRESENT: HON _____ LUCY BILL ____

Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

MS# 002

STELLA GARSON,

                                  Plaintiff,

                  -against-

VICTORIA'S SECRET STORES, LLC,

                               Defendant.

------------------------------------------------------------x

**Index No.: 151406/2020**

**ORDER TO SHOW CAUSE**

Upon reading and filing the annexed affirmation of Allyson B. Belmont, dated

December 2, 2020, and the exhibits annexed hereto, upon all of the pleadings and

proceedings hereto had herein, and upon due deliberation of this Court,

LET the plaintiff, STELLA GARSON, or her counsel, show cause before this Court in Room 130,

at the I.A.S. Part, at the New York County Supreme Court Courthouse, 60 Centre 71 Thomas

Street, New York, New York, on the 14th day of December, 2020, at 9:30 a.m. for an by efiling a response by why

Order should not be entered:

(a) Pursuant to CPLR § 3017(c), compelling plaintiff to immediately provide a demand for damages in writing; and

(b) Pursuant to the New York Court Rules § 130-1.1 awarding defendant costs, including all attorneys fees, incurred by defendant due to plaintiffs frivolous and dilatory refusal to provide a demand for damages in writing, intentionally delaying and prolonging the resolution of the litigation;

FILED: NEW YORK COUNTY CLERK 12/03/2020 04:00 PM
NYSCEF DOC. NO. 22

INDEX NO. 151406/2020
RECEIVED NYSCEF: 12/03/2020

(c)    as well as such other and further relief as to this Court deems just and proper.

The above-entitled action is for personal injury.

**IT IS FURTHER ORDERED** that, sufficient cause ~~appearing~~ *being alleged* therefore, let service

of a copy of this Order to Show Cause and the papers upon which it is granted be made

upon all parties by NYSCEF and upon plaintiff's counsel, by mail and email at

> Law Offices of Alan A. Tarzy
> 360 Lexington Avenue, Suite 1501
> New York, New York 10017-6502
> T: (212) 370-9000
> E: atarzy@tarzylaw.com

*by December 4, 2020,* be deemed good and sufficient service.

**IT IS FURTHER ORDERED** that ~~answering affidavits, if any, shall be served at~~

~~least seven (7) days prior to the return date of this motion, and reply papers shall be~~

~~served one (1) day prior to the return date.~~

~~Dated:~~    ~~New York, New York~~
    ~~December ____, 2020~~

**E N T E R :**

_____
**J. S. C.**

Index No. 151406/2020

LUCY BILLINGS
J.S.C

FILED: NEW YORK COUNTY CLERK 12/16/2020 01:02 PM
INDEX NO. 151406/2020

NYSCEF DOC. NO. 25
RECEIVED NYSCEF: 12/15/2020

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    LUCY BILLINGS
                    J.S.C.
                              *Justice*

PART  44

STELLA GARSON

INDEX NO. 151406/2020

-v-

MOTION DATE _____

VICTORIA'S SECRET STORES, LLC

MOTION SEQ. NO. 002

The following papers, numbered ~~13~~ to 21 , were read on this motion to/for *Compel a demand for damages*

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). 13-21 |
| Answering Affidavits — Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that ~~this motion is~~ :

Defendant withdraws its motion to compel plaintiff to provide a written demand for damages.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated:   12/14/20 _____

_Lucy Billings_ , J.S.C.
                                          LUCY BILLINGS
                                                J.S.C

| | | |
|---|---|---|
| 1. CHECK ONE: ................................................ | ☐ CASE DISPOSED | ☑ NON-FINAL DISPOSITION |
| 2. CHECK AS APPROPRIATE: ........................MOTION IS: | ☐ GRANTED  ☑ DENIED | ☐ GRANTED IN PART   ☐ OTHER |
| 3. CHECK IF APPROPRIATE: ................................ | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| | ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

FILED: NEW YORK COUNTY CLERK 12/16/2020 01:02 PM

NYSCEF DOC. NO. 25

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/15/2020

# LESTER SCHWAB KATZ & DWYER, LLP

100 WALL STREET
NEW YORK, N.Y. 10005-3701
(212) 964-6611
FAX: (212) 267-5916

**NEW JERSEY OFFICE**
61 S. Paramus Road
Suite 250
PARAMUS, NJ 07652
(973) 912-9501

Writer's Direct Dial: (212) 341-4217
E-Mail: bresto@lskdnylaw.com

December 11, 2020

**VIA: E-FILE**
Supreme Court New York County
71 Thomas Street
New York, New York 10013

Attention: Honorable Lucy Billings

Re: **Stella Garson v. Victoria's Secret Stores, LLC**
   Date of Loss:      6/26/19
   Our File No.:      502-1516
   Index: 151406/2020

Dear Hon. Lucy Billings:

Please be advised that we represent Victoria's Secret Stores, LLC. in this matter.

Please allow this correspondence to confirm that Defendant's Order to Show Cause in the above referenced matter, presently returnable on Monday, December 14, 2020, is hereby withdrawn.

Should you have any questions, do not hesitate to contact the undersigned.

Very truly yours,

*Allyson B. Belmont*

ALLYSON B. BELMONT
Of Counsel

ABB:br
4823-9079-2148

FILED: NEW YORK COUNTY CLERK 12/21/2020 11:06 AM

NYSCEF DOC. NO. 27

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/21/2020

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _LUCY BILLINGS_                          PART __46__
                    _J.S.C_
                              _Justice_

STELLA GARSON                                INDEX NO. _151406/2020_

                    -v-                            MOTION DATE _____

VICTORIA'S SECRET STORES, LLC               MOTION SEQ. NO. __001__

The following papers, numbered _5_ to _10_, were read on this motion to/for _preclude evidence_

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _5-10_

Answering Affidavits — Exhibits _____ | No(s). _____

Replying Affidavits _____ | No(s). _____

Upon the foregoing papers, it is ordered that ~~this motion is~~ :

The court grants defendant's motion to preclude plaintiff from introducing the evidence demanded in defendant's demands for a bill of particulars and for disclosure to the extent of compelling plaintiff's production of the demanded bill of particulars and disclosure pursuant to the accompanying order presented by defendant, without opposition. C.P.L.R. §§ 3124, 3126(2).

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: _12/18/20_                    _Lucy Billings_, J.S.C.

1. CHECK ONE: ...................... ☐ CASE DISPOSED    ☑ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ...........MOTION IS: ☐ GRANTED  ☐ DENIED  ☑ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: ............................ ☐ SETTLE ORDER          ☐ SUBMIT ORDER
                                                    ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

FILED: NEW YORK COUNTY CLERK 12/21/2020 11:06 AM
NYSCEF DOC. NO. 27
INDEX NO. 151406/2020
RECEIVED NYSCEF: 12/21/2020

LSK&D #: 502-1516 / 4850-8547-4004

At an IAS Term, Part 46 of the Supreme Court of the State of New York held in and for the County of New York at the Courthouse, located at 71 Thomas Street, New York, NY, on the 18th day of December, 2020

PRESENT:

HON. LUCY BILLINGS, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x

STELLA GARSON,

**Index No.: 151406/2020**

Plaintiff,

-against-                                    **ORDER**

VICTORIA'S SECRET STORES, LLC,

Defendant.
-------------------------------------------------------------x

Upon reading and filing of the unopposed Notice of Motion of Defendant Victoria's Secret Store, LLC, dated July 31, 2020, and the Affirmation of Allyson B. Belmont dated July 31, 2020, and the exhibits in support and due deliberation having been had thereon,

NOW, on the motion of Lester Schwab Katz & Dwyer (Allyson B. Belmont, Of Counsel), attorneys for Victoria's Secret Stores, LLC, it is

ORDERED that defendant's motion to compel is granted; and it is further

FILED: NEW YORK COUNTY CLERK 12/21/2020 11:06 AM

NYSCEF DOC. NO. 27

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/21/2020

ORDERED that plaintiff shall produce to defendant on or before ~~December 31~~, 202~~0~~ *January 11*, the

following documents:

- Demand For A Verified Bill Of Particulars;
- Demand For Authorization For Social Security Print-Out;
- Demand For Collateral Source Payment Information;
- Demand For Discovery And Inspection Of Documents And Electronically Stored Information;
- Demand For Employment Record Authorizations;
- Demand For Expert Witness Disclosure;
- Demand For Income Tax Information;
- Demand For Internet Based Social Media And-Or Networking Websites;
- Demand For Medical Information;
- Demand For Medicare Information;
- Demand For Names And Addresses Of Witnesses;
- Demand For Prior And Subsequent Claims;
- Demand For Prior Injury Information;
- Demand For Telephone, Cellular, E-Mail And Text Records And Authorizations,
- Demand For Union Records;
- Demand Pursuant To Mandatory Insurer Reporting Law Section 111 Of Public Law Section 110-173; and
- Prior Medical History;

and it is further

ORDERED that counsel is directed to ~~appear for~~ *request* a *preliminary* ~~status~~ conference ~~in Room~~ *within five days after a new justice is assigned.* ~~Street, on _____, 20___ at _____ AM/PM.~~

ENTER:

*Lucy Billings*
LUCY BILLINGS, J.S.C.

LUCY BILLINGS
J.S.C

FILED: NEW YORK COUNTY CLERK 12/21/2020 03:05 PM
NYSCEF DOC. NO. 28

INDEX NO. 151406/2020
RECEIVED NYSCEF: 12/21/2020

**LSK&D #: 502-1516 / 4826-5561-0325**
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------x
STELLA GARSON,

                                         **Index No.: 151406/2020**

                             Plaintiff,

                  -against-                    **NOTICE OF ENTRY**

VICTORIA'S SECRET STORES, LLC,

                              Defendant.
--------------------------------------------------------------x

        **PLEASE TAKE NOTICE**, that the within is a true copy of an Order of Judge Billings

dated December 18, 2020 and entered in the office of the Clerk of the Supreme Court,

New York County, on December 21, 2020.

Dated:       New York, New York
              December 21, 2020

                        Yours, etc.

                        LESTER SCHWAB KATZ & DWYER, LLP

                        *Allyson B. Belmont*

                        _____
                        Allyson B. Belmont
                        Attorneys for Defendant
                        VICTORIA'S SECRET STORES, LLC
                        100 Wall Street
                        New York, New York  10005
                        (212) 964-6611

TO:

Law Offices of Alan A. Tarzy
360 Lexington Avenue, Suite 1501
New York, New York 10017-6502
Attorneys for Plaintiff
T: (212) 370-9000
E: atarzy@tarzylaw.com

FILED: NEW YORK COUNTY CLERK 12/21/2020 03:05 PM

NYSCEF DOC. NO. 28

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/21/2020

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: _____LUCY BILLINGS_____     PART __46__
                    J.S.C
                              *Justice*

STELLA GARSON

INDEX NO. _151406/2020_

MOTION DATE _____

-v-

VICTORIA'S SECRET STORES, LLC

MOTION SEQ. NO. _001_

The following papers, numbered 5 to _10_ , were read on this motion to/for _preclude evidence_

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _5-10_ |
| Answering Affidavits — Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that ~~this motion is~~ :

The court grants defendant's motion to preclude plaintiff from introducing the evidence demanded in defendant's demands for a bill of particulars and for disclosure to the extent of compelling plaintiff's production of the demanded bill of particulars and disclosure pursuant to the accompanying order presented by defendant, without opposition. C.P.L.R. §§ 3124, 3126(2).

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S): _____

Dated: _12/18/20_                          _____Lucy Billings_____, J.S.C.

1. CHECK ONE: ............................... ☐ CASE DISPOSED          ☑ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ..................MOTION IS: ☐ GRANTED  ☐ DENIED  ☑ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: ............................... ☐ SETTLE ORDER                ☐ SUBMIT ORDER
                                                         ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

2 of 8

FILED: NEW YORK COUNTY CLERK 12/21/2020 03:05 PM          INDEX NO. 151406/2020
NYSCEF DOC. NO. 28                                        RECEIVED NYSCEF: 12/21/2020

LSK&D #: 502-1516 / 4850-8547-4004

At an IAS Term, Part 46 of the Supreme
Court of the State of New York held in and
for the County of New York at the
Courthouse, located at 71 Thomas Street,
New York, NY, on the 18ᵗʰ day of December,
2020

PRESENT:

    HON. LUCY BILLINGS, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
STELLA GARSON,

                           **Index No.: 151406/2020**

               Plaintiff,

        -against-                **ORDER**

VICTORIA'S SECRET STORES, LLC,

              Defendant.
-----------------------------------------------------------------x

    Upon reading and filing of the unopposed Notice of Motion of Defendant Victoria's

Secret Store, LLC, dated July 31, 2020, and the Affirmation of Allyson B. Belmont dated July

31, 2020, and the exhibits in support and due deliberation having been had thereon,

    NOW, on the motion of Lester Schwab Katz & Dwyer (Allyson B. Belmont, Of

Counsel), attorneys for Victoria's Secret Stores, LLC, it is

    ORDERED that defendant's motion to compel is granted; and it is further

FILED: NEW YORK COUNTY CLERK 12/21/2020 03:05 PM

NYSCEF DOC. NO. 28

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/21/2020

ORDERED that plaintiff shall produce to defendant on or before ~~December 31~~ *January 11*, 202~~0~~, the

following documents:

- Demand For A Verified Bill Of Particulars;
- Demand For Authorization For Social Security Print-Out;
- Demand For Collateral Source Payment Information;
- Demand For Discovery And Inspection Of Documents And Electronically Stored Information;
- Demand For Employment Record Authorizations;
- Demand For Expert Witness Disclosure;
- Demand For Income Tax Information;
- Demand For Internet Based Social Media And-Or Networking Websites;
- Demand For Medical Information;
- Demand For Medicare Information;
- Demand For Names And Addresses Of Witnesses;
- Demand For Prior And Subsequent Claims;
- Demand For Prior Injury Information;
- Demand For Telephone, Cellular, E-Mail And Text Records And Authorizations,
- Demand For Union Records;
- Demand Pursuant To Mandatory Insurer Reporting Law Section 111 Of Public Law Section 110-173; and
- Prior Medical History;

and it is further

ORDERED that counsel is directed to ~~appear for~~ *request preliminary* a status conference ~~in Room~~ *written five days after a new justice is assigned.* ~~Street, on           , 20      at           AM/PM.~~

ENTER:

_____

LUCY BILLINGS, J.S.C.

LUCY BILLINGS
J.S.C.

FILED: NEW YORK COUNTY CLERK 12/21/2020 03:05 PM

NYSCEF DOC. NO. 28

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/21/2020

Declaration of Service

    I served the annexed ORDER WITH NOTICE OF ENTRY by email on the following persons on December 21, 2020.

        Law Offices of Alan A. Tarzy
        360 Lexington Avenue, Suite 1501
        New York, New York 10017-6502
        Attorneys for Plaintiff
        T: (212) 370-9000
        E: atarzy@tarzylaw.com

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 21, 2020.

*Iris M. Reyes*

_____

IRIS M. REYES

FILED: NEW YORK COUNTY CLERK 12/21/2020 03:05 PM

NYSCEF DOC. NO. 28

INDEX NO. 151406/2020

RECEIVED NYSCEF: 12/21/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

STELLA GARSON,

                                        Plaintiff,

                   -against-

VICTORIA'S SECRET STORES, LLC,

                                        Defendant.
-----------------------------------------------------------------X

**Index No.: 151406/2020**

**ORDER WITH NOTICE
OF ENTRY**


**LESTER SCHWAB KATZ & DWYER, LLP**

**ATTORNEYS FOR**    **Defendant
VICTORIA'S SECRET STORES, LLC**

100 WALL STREET
NEW YORK, N.Y. 10005
(212) 964-6611
FAX: (212) 267-5916