LSK&D #: 502-1516 / 4852-1054-6673

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

STELLA GARSON,

                                             **Docket No.: 1:20-cv-10938**

                  Plaintiff,

        -against-

VICTORIA'S SECRET STORES, LLC,

                  Defendant.

-------------------------------------------------------------------x

## STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER

IT IS HEREBY STIPULATED AND AGREED to by the undersigned on behalf of their respective clients that:

1.    (a)    This Confidentiality Agreement (the "Agreement") governs the handling of all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively "Material"), produced, given, or filed during discovery and other proceedings in this action.

    (b)    The provisions of this Agreement shall apply to (i) the parties in this case and (ii) any other person producing, disclosing, or receiving Confidential Material in this action who agrees to be bound by the terms of this Agreement. (c) As used herein "person" includes the named parties as outlined at 1(b)(i) and (ii) above, and those defined in 3(b) herein who have agreed to be bound by this Agreement.

2.      Any person may designate as "Confidential" any Material produced in the course of discovery proceedings herein only when such designating person in good faith believes such Material contains sensitive personal information, trade secrets, or other confidential or proprietary information which is of such a sensitive nature that disclosure would result in competitive harm or damage to its business or financial welfare, and such Material is not otherwise accessible to the public.  Such designation of Confidentiality shall be in writing and shall set forth the basis for the designating person's good faith belief that the Material specified should be designated Confidential.

3.      Confidential Material shall be subject to the following restrictions:

(a)     Confidential Material shall be used only for the purpose of this litigation (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available, or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below;

(b)     Confidential Material may be disclosed, for the purposes set forth above, only to:

(i)      the parties;

(ii)     counsel of record for the parties and employees of counsel;

(iii)    the Court (including court reporters, stenographic reporters, and court personnel);

(iv)    any expert or attorneys that counsel may consult or retain as of counsel in connection with the within litigation to whom Confidential Material is to be disclosed shall first be advised by the person making the disclosure that, pursuant to this Agreement, such

persons shall not divulge such Material to any other person other than in accordance with this Agreement. The attorney making the disclosure shall secure from each person a declaration in the form attached as **Exhibit A**, stating such person has read the Agreement and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorneys securing the declaration until further order of the Court, except that, upon request of opposing counsel, the counsel securing the declaration shall provide a copy of the designation to opposing counsel.

(v)     any other person as to whom the producing person expressly agrees in writing after the name of such person has been disclosed;

(vi)     any person as further ordered by the Court;

(vii)     officers and directors of the parties actually assisting counsel of record or in-house counsel in preparation of this case;

(viii)     outside vendors performing clerical functions, but only for so long as necessary to perform those services;

(ix)     witnesses in preparation for and/or during their examination as witnesses at trial or in a deposition, but prior to such use the Party taking the deposition shall make reference to the confidentiality of the Confidential Material; and

(x)     all persons that the Parties may agree upon in writing.


(c)     All pleadings or other court filings (not including pleadings and/or court filings served or filed prior to the date of this agreement) which incorporate or disclose Confidential Material shall be filed with or received by the Court in a sealed envelope or other container marked on the outside with the title of the action, and identification of each item within and a statement as follows:

"CONFIDENTIAL MATERIAL SUBJECT TO COURT'S AGREEMENT. This envelope contains documents or transcripts which are subject to a Confidentiality Agreement of the parties. This envelope shall not be opened or the contents thereof displayed or revealed except by specific further Order of Court or as is allowed by the Confidentiality Agreement entered into by the parties. Violation of this prohibition may be treated as contempt of court."

(d) Confidential Material may be disclosed and/or used without restriction at depositions and/or at trial or other proceeding such as an arbitration or mediation.

4. Each person given access to Confidential Material pursuant to the terms hereof (other than persons described in paragraph 3(b)(i), (ii) and (iii), above) shall be advised that (i) the Confidential Material is being disclosed subject to the terms of this Agreement and may not be disclosed other than pursuant to the terms hereof.

5. The failure of any party, attorney or other person subject to this Agreement to abide by the terms and conditions hereof shall be referred to this Court for appropriate action.

6. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on the first page of any such document prior to production.

(b) In the case of interrogatory answers, designation shall be made by specifying the answer that is being designated as confidential and placing the legend "CONFIDENTIAL" on each page of any answer that contains Confidential Material.

(c) In the case of deposition testimony, counsel for the testifying person may designate on the record at the time of the deposition those portions of testimony to be treated as "Confidential," additional deposition testimony may be declared "Confidential" provided that such designation be confirmed in writing within thirty (30) days of transcription of the deposition setting forth the basis for the designating person's good faith belief that the Material specified should be designated Confidential Those designated portions, if transcribed, shall be prepared in

a separate transcript marked as "Confidential," and, if filed with the Court, shall be filed under seal pursuant to paragraph (c) above.

Any party seeking to file a redacted or sealed document shall follow the procedures in Rule 4 of the Court's Individual Rules and Practices in Civil Cases.

      (d)    All briefs, or other filings with the Court which incorporate Confidential Material shall be appropriately labeled on the cover page ~~and filed under seal~~.

      (e)    The Confidential Material will be kept in the custody and care of the persons authorized to receive such Confidential Material under the provisions of this Agreement.

7.    (a)    No party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect sensitive personal information, trade secrets, proprietary, or confidential information or has been properly designated as such. Any party may at any time, on reasonable notice, move for

      (i)    modification of this Agreement, or

      (ii)    relief from the provisions of this Agreement with respect to specific Material. In addition, the parties may agree in writing or on the record to necessary modifications of this Agreement.

      (iii)    an order vacating or nullifying a designation of Confidentiality.

      (b)    A party shall be obligated to challenge the propriety of the designation of Material as Confidential Material within (30) thirty days of the time written designation is made, and failure to do so shall preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on reasonable notice, apply for appropriate ruling(s) from the Court. The Material in issue shall continue to be treated as designated Confidential until the Court orders otherwise.

8.      This Agreement, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals.

9.      Any Material which was possessed by the disclosing party or counsel or a receiving party prior to its disclosure by the producing party or which can be obtained through public avenue of information or comes within the possession of such other party through means not constituting breach of this Agreement shall not be treated as Confidential Material under the terms of this Agreement.

10.     The parties do not waive any rights they may otherwise have by execution of this Agreement. Nothing in this Agreement shall prevent any party from seeking modification, or from objecting to discovery that it believes to be improper. The Court may enter such other and further orders that it deems appropriate and this Agreement is without prejudice to the right of any party to apply for another further order including, but not limited to, a protective order providing greater protection for certain documents or categories of documents and without prejudice to the parties agreeing to any modification thereof.

11.     Defendant may submit this Agreement to the Court, with a request that it be filed by the Court, immediately upon execution by the Parties. Prior to approval by the Court, this Agreement shall be effective as if approved.

12.     At the conclusion of this case, counsel for the Plaintiff will either assemble and return to counsel for Defendant as soon as reasonably practical all Confidential Material, destroy all Confidential Material and any abstracts, summaries, notes, or other work product relating to the Confidential Material, or maintain the confidential material subject to this Order for all time.

**AGREED:**

<table>
<tr>
<td>

Alan A. Tarzy
Law Office of Alan A. Tarzy
360 Lexington Avenue, Suite 1501
New York, New York 10017-6502
(212) 370-9000
*Attorneys for Plaintiff Stella Garson*

</td>
<td>

Allyson B. Belmont
Lester Schwab Katz & Dwyer, LLP
100 Wall Street
New York, New York 10005
(212) 964-6611
*Attorneys for Defendant Victoria's Secret Stores, LLC*

</td>
</tr>
</table>

SO ORDERED,

_____

SO ORDERED.
Date: July 12, 2021
New York, New York

JOHN P. CRONAN
United States District Judge